IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHA MARIE EDENS, | No. C 09-04023 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S REQUEST FOR AWARD OF EAJA FEES** |
| v. | |
| COMMISSIONER OF SSA, | |
| Defendant. | |

Currently before the Court is plaintiff's request for an award of attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. On October 18, 2010, plaintiff's motion for summary judgment was granted, defendant's motion for summary judgment was denied, and the matter was remanded to the SSA for payment of benefits to plaintiff. Docket No. 20. Defendant filed a Rule 59(e) motion, seeking relief from the summary judgment order. The SSA argued that the court erred in finding that the defendant failed to carry its burden of proof at step five of the sequential process and in ordering the matter remanded only for payment of benefits. *See* Docket No. 21. The court rejected the motion to alter or amend, reaffirming its finding that the ALJ erred at step five and that remand for payment of benefits was appropriate as the record below had been fully developed. Docket No. 25.

Plaintiff seeks a total award of $6,414.33 for the time spent litigating in this Court, including time spent seeking fees. Defendant opposes plaintiff's motion arguing that its position, opposing an award of benefits to plaintiff, was "substantially justified." *See Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). However, the Court finds that here – where the district court found that the record below was fully developed yet the ALJ made multiple, fundamental errors, and where the matter was remanded *only* for payment of benefits – that defendant's position was not substantially justified and

plaintiff is entitled to her fees.

The Court also finds that plaintiff's request for fees is reasonable. The number of hours sought (37.1, spent moving for summary judgment, opposing the cross-motion for summary judgment, opposing the motion to amend or alter the judgment under Rule 59(e) and seeking fees) plus the hourly rate sought ($172.85 for work in 2009; $175.06 for work in 2010 early 2011; as well as $179.51 for time spent in August 2011 under the most recent EAJA-plus-CPI rate approved by the Ninth Circuit) are reasonable. The SSA contends that plaintiff's hours should be reduced by 4.8 hours for excessive, redundant or unnecessary time. The Court has reviewed the SSA's arguments and plaintiff's time entries and finds that the time spent calendaring (0.2), reviewing the court's order (0.3), and drafting the settlement letter (1.2) and fee petition (2.1) was not unreasonable and declines to reduce the hours of compensable work for these tasks.

For the foregoing reasons, plaintiff's request for $6,414.33 in attorneys fees under the EAJA is GRANTED.

Pursuant to plaintiff's counsel's request, and not opposed by the defendant, the award representing payment of all plaintiff's claims for attorneys' fees and costs in connection with this action pursuant to 28 U.S.C. § 2412(d), shall be mailed to plaintiff's attorney at P.O. Box 10891, Oakland, CA 95610.

**IT IS SO ORDERED.**

Dated: August 12, 2011

SUSAN ILLSTON
United States District Judge